ORIGINAL

# In the United States Court of Federal Claims

No. 14-793C
(Filed January 30, 2015)
NOT FOR PUBLICATION

**FILED**

JAN 3 0 2015

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * *
                               *
FULTON GRIFFITH,               *
                               *
            Plaintiff,         *
                               *
      v.                       *
                               *
THE UNITED STATES,             *
                               *
            Defendant.         *
                               *
* * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Pending before the court is defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court finds that it lacks subject-matter jurisdiction over plaintiff's claims. Defendant's motion to dismiss is therefore **GRANTED**.

### I. BACKGROUND

Fulton Griffith, plaintiff, is currently a prisoner at the State of Florida's Dade Correctional Institution. *See* Pl.'s Mot. for Leave to Proceed *In Forma Pauperis*. Plaintiff filed complaint in this court on August 26, 2014. *See* Compl. Mister Griffith, proceeding *pro se*, appears to request a declaration that "judges are not immune" when they criminally deprive individuals of their constitutional rights; that the 1866 Civil Rights Act gives "citizens a remedy at law to enforce civil and constitutional rights"; and that when constitutional rights are "violate[d] willfully" by a government agent "the violation constitutes a breach of contract" under the Contract Clause of the United States Constitution. *Id.* ¶¶ 3–6.

Plaintiff initially listed four federal judges --- the Chief Judge of the Eleventh Circuit and three named judges of the Middle District of Florida --- as the defendants in the case.  After being informed by the Court that RCFC 10(a) requires the United States to be the designated party defendant in complaints filed in this court, *see* Order (Oct. 8, 2014), plaintiff began to properly identify the United States as defendant in the caption of his documents.

On October 27, 2014, the government filed a motion to dismiss plaintiff's claim for lack of subject-matter jurisdiction under RCFC 12(b)(1).  In its motion, the government argues that, under the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court does not have jurisdiction to hear Mr. Griffith's claims because the claims are not based on any money-mandating provisions of a statute or the Constitution.  Def.'s Mot. to Dismiss (Def.'s Mot.) at 3–4.  The government notes that we do not have jurisdiction to hear claims "sounding in tort or for civil wrongs" committed by agents of the United States, for violations arising under the Civil Rights Act, or for claims under the federal criminal code.  *Id.*  Finally, the government argues that plaintiff's complaint requests equitable relief which falls outside the court's jurisdiction because it is not "incident of and collateral to" a money judgment.  *Id.*[1]

In his response to the government's motion to dismiss, plaintiff appears to concede that the Court lacks subject-matter jurisdiction on all of his claims except "claim #6," which is the claim that a willful violation of constitutional rights by government agents constitutes a breach of contract under the Contract Clause.  Pl.'s Response to Def.'s Mot. (Pl.'s Opp'n) at 1.  Plaintiff argues that the court has jurisdiction over contract disputes between individuals and the United States "for money damage claims," and that plaintiff's claim fits under this category because it is a claim "for breach of contract."  *Id.*

In its reply to plaintiff's response, the government argues that plaintiff's Contract Clause claim does not confer jurisdiction on the court.  *See* Def.'s Reply to Pl's Opp'n.  First, the government notes that this clause, U.S. Const. art. I, § 10, cl. 1, prohibits actions by a *state* and not the federal government.  *Id.* at 1.  Second, the government argues that even if the Contract Clause applied to the actions of the federal government, it is not a money-mandating provision and therefore this court would not have jurisdiction over claims based on it.  *Id.* at 2.

---

[1] The government's motion to dismiss also points out, as was discussed above, that in cases filed in our court the United States is the proper defendant, rather than any individual federal judge.  Def.'s Mot. at 4.

## II. DISCUSSION

### A. Legal Standards

Under RCFC 12(b)(1), claims brought before this court must be dismissed when it is shown that the court lacks jurisdiction over their subject matter.  When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).  The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence.  *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

### B. Analysis

In this case, the rule that well-pled factual allegations are taken as true is of little benefit to plaintiff, as the complaint does not contain any such allegations. Mister Griffith seeks a declaration concerning unspecified "unlawful acts" allegedly committed by four federal judges, which he refers to as "criminal deprivation of constitutional rights."  Compl. ¶¶ 3–4.[2]  Nothing in the complaint even suggests what those acts might be.  He also requests a declaration concerning the remedy available under the 1866 Civil Rights Act and 18 U.S.C. § 242 "to enforce civil and constitutional rights," *id.* ¶ 5, without explaining the rights that were violated and the actions which accomplished this.  In his opposition to the government's motion to dismiss, plaintiff concedes that the Court lacks subject-matter jurisdiction over all of his claims save the one concerning the Constitution's Contract Clause.  Pl.'s Opp'n.  But that claim seeks a declaration that when government agents "violate

---

[2]  He also requests "civil purgh" [sic] of the "unlawful acts," Compl. ¶ 3, which the Court construes as some sort of equitable (perhaps injunctive) relief.

wil[l]fully any of the guaranteed rights under [the U.S.] Constitution the violation constitutes a breach of contract" under the Contract Clause. Compl. ¶ 6. Again, Mr. Griffith identifies neither the conduct of the judges nor the rights that they allegedly violated.

The jurisdiction of the Court of Federal Claims is primarily governed by the Tucker Act, which provides the authority to render judgment on claims seeking monetary damages against the United States. 28 U.S.C. § 1491; *see United States v. Mitchell*, 463 U.S. 206, 215–18 (1983). Because the Tucker Act does not create any substantive rights, a plaintiff must identify a separate source of law that creates a right to money damages for his claim to be within the court's jurisdiction. *Jan's Helicopter Serv., Inc.* v. FAA, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); *Mitchell*, 463 U.S. at 216. The test for determining whether a statute or regulation can support jurisdiction in this court is whether it can be fairly interpreted as mandating compensation. *See, e.g., United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73 (2003); *Fisher v. United States*, 402 F.3d 1167, 1173–74 (Fed. Cir. 2005); *Contreras v. United States*, 64 Fed. Cl. 583, 588–92 (2005).

Plaintiff concedes that we lack subject-matter jurisdiction over his claims for declaratory relief concerning the 1866 Civil Rights Act, the cited criminal code provision, and any constitutional provisions other than the Contract Clause. *See* Pl.'s Opp'n. This concession is warranted, as he has not identified any money-mandating statute, regulation, or constitutional provision that would support our jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Marlin v. United States*, 63 Fed.Cl. 475, 476 (2005). While equitable or declaratory relief can sometimes be available in Tucker Act suits, it must be "an incident of and collateral to" a money judgment. *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting 28 U.S.C. § 1491(a)(2)).[3]

Plaintiff insists, however, that the unspecified violations of his unidentified rights may be entertained by our court under his sixth claim, which is based on the Contract Clause of the United States Constitution. This clause does not mandate the payment of money damages for its violation, and in any event is a restriction on the actions of *states*, not the federal government. *See* U.S. Const. art. I, § 10, cl. 1; *Yankee Atomic Elec. Co. v. United States*, 112 F.3d 1569, 1577 (Fed. Cir. 1997); *McNeil v. United States*, 78 Fed. Cl. 211, 225 (2007). Mister Griffith's theory,

---

[3] Declaratory relief is also available in bid protests and cases concerning the tax-exempt status of organizations. *See* 28 U.S.C. §§ 1491(b)(2), 1507.

however, does not depend entirely on this clause, as he appears to be arguing that by violating constitutional rights, the federal government thereby breaches a contract. *See* Pl's Opp'n. But the Constitution cannot be considered an express or implied-in-fact contract concerning which a breach action may be maintained in our court. *See Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013). Therefore, plaintiff fails to identify any basis for our court to exercise jurisdiction over his claims, whatever in fact they may be.

One final matter to be addressed is plaintiff's application to proceed *in forma pauperis*. The Court has learned that plaintiff has been found by other judges to be subject to the so-called "three strikes" provision in 28 U.S.C. § 1915(g), which does not allow us to grant *in forma pauperis* status to a prisoner who has had three or more cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Griffith v. Haworth*, No. 8:11-cv-2251, 2011 U.S. Dist. LEXIS 116494, at *1 (M.D. Fla. Oct. 7, 2011). Plaintiff has crossed this threshold. *See id.*; *Griffith v. Wirdell*, No. 8:06-CV-709, 2006 U.S. Dist. LEXIS 80836 (M.D. Fla. Nov. 3, 2006); and *Griffith v. Johns*, No. 8:06-cv-691, 2006 U.S. Dist. LEXIS 22336 (M.D. Fla. Apr. 24, 2006). Therefore, plaintiff's application to proceed *in forma pauperis* must be **DENIED**.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** defendant's motion to dismiss this case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), and **DENIES** plaintiff's application to proceed *in forma pauperis*. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge