ORIGINAL

# In the United States Court of Federal Claims

No. 14-793C
(Filed March 20, 2015)
NOT FOR PUBLICATION

FILED
MAR 20 2015
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
                                 *
FULTON GRIFFITH,                 *
                                 *
                Plaintiff,       *
                                 *
   v.                            *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

On March 11, 2015, the Clerk's office received a document from plaintiff, who is proceeding *pro se*, titled "Under Bell v. Hood, supra Doctrine Ajust [sic] Remedy and Grant Necessary Relief." Despite the lack of clarity in the title of this document, the Court has decided to treat it as a motion for reconsideration. The Clerk's office should file this document accordingly.

On January 30, 2015, the Court issued an opinion granting defendant's motion to dismiss this case for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). *See* Mem. Op. and Order, ECF No. 12. The Court also denied plaintiff's application to proceed *in forma pauperis* because plaintiff had violated the so-called "three strikes" provision in 28 U.S.C. § 1915(g). *Id.* Judgment was entered that day. *See* Judgment Entered, ECF No. 13.

Plaintiff's motion for reconsideration, now before the Court, is **DENIED** for three reasons: first, plaintiff has not met the standards for reconsideration under RCFC 59; second, plaintiff's argument is meritless; and, third, plaintiff has not paid the filing fee due in this case and thus has failed to prosecute the case pursuant to RCFC 41(b).

Under RCFC 59, the court may grant a motion for reconsideration "for any reason for which a new trial has heretofore been granted in an action at law in federal court" or "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."[1] RCFC 59(a)(1)(A)–(B). To demonstrate the applicability of RCFC 59, the moving party must show "(1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Osage Tribe of Indians of Okla. v. United States*, 97 Fed. Cl. 345, 348 (2011). It is not sufficient for the moving party to "merely reassert[] ... arguments previously made [and] carefully considered by the court." *Principal Mut. Life Ins. Co. v. United States,* 29 Fed. Cl. 157, 164 (1993) (internal quotation marks and citation omitted).

In his motion for reconsideration, plaintiff begins by citing to the United States Supreme Court case *Bell v. Hood*, 327 U.S. 678 (1946), for the proposition that a court is required to "ajust [sic] the remedy and grant the necessary relief when federal question [sic] are concerned." Mot. for Recons. at 1. In this case, plaintiff states that the federal question at issue is whether sections 1, 3, 4, and 5 of the 1866 Civil Rights Act "create[] a contract between [the] United States and private citizens." *Id.* In support of this assertion, plaintiff cites the Supreme Court decisions of *Louisiana ex rel. Nelson v. Police Jury of the Parish of St. Martin*, 111 U.S. 716 (1884), and *Houston & Texas Central R.R. Co. v. Texas*, 177 U.S. 66 (1900), which he claims "provid[e] the legal standard for civil statu[t]es, creating contracts between the government and private citizens." *Id.* at 2. Plaintiff describes the Court's prior order dismissing his case as having "concluded" that 18 U.S.C. § 242 "did not constitute a contract or money claim for violations of its provisions," and thus was outside the jurisdiction of the Court. *Id.* at 1.

Although somewhat difficult to discern, plaintiff's filing appears to be arguing that while the Court previously dismissed his claim based on 18 U.S.C. § 242, the Court did not adequately address his claim that the 1866 Civil Rights Act created a contract between the government and a private citizen upon which the Court's jurisdiction could be based. Plaintiff misreads the Court's prior opinion dismissing his case since his 1866 Civil Rights Act claim *was* considered --- and ultimately rejected --- by the Court. *See* Mem. Op. and Order at 4. The Court's opinion noted that plaintiff had conceded in his response to the government's motion to dismiss that the Court lacked jurisdiction to entertain his 1866 Civil Rights Act claim. *Id.* Moreover, the Court held that this concession was "warranted" since plaintiff "has not identified any money-mandating statute, regulation, or constitutional provision that would support our jurisdiction." *Id.*

---

[1] A third ground, "the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States," RCFC 59(a)(1)(C), has no bearing on this matter.

- 2 -

Because plaintiff failed to demonstrate an intervening change in the controlling law, the availability of previously unavailable evidence, or a manifest injustice, *see Osage Tribe of Indians of Okla.*, 97 Fed. Cl. at 348, he does not meet the standard for a motion for reconsideration. Rather, he "merely reasserts ... arguments previously made [and] carefully considered by the court." *Principal Mut. Life Ins. Co.*, 29 Fed. Cl. at 164.

Even if plaintiff could meet the standard for reconsideration, his claim still fails on the merits. Plaintiff merely asserts that sections 1, 3, 4, and 5 of the 1866 Civil Rights Act "create[] a contract between [the] United States and private citizens," Mot. for Recons. at 1, without actually identifying a money-mandating provision --- in the 1866 Civil Rights Act or elsewhere --- as is required for this court to have jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005). It is "well settled" that this court does not have jurisdiction over civil rights claims stemming from 42 U.S.C. § 1981 or § 1983.[2] *Osborn v. United States*, 47 Fed. Cl. 224, 232 (2000); *see also Marlin*, 63 Fed. Cl. at 476; *Wildman v. United States*, 28 Fed. Cl. 494, 495 (1993). Furthermore, the 1866 Civil Rights Act involved remedial mechanisms for violations of rights by *state* government officers, not federal government officers. *See* George Rutherglen, *The Improbable History of Section 1981: Clio Still Bemused and Confused*, 55 Sup. Ct. Rev. 303, 317–22 (2003) (noting that the 1866 Civil Rights Act prohibited "discrimination by state officials").

Plaintiff claims that the Supreme Court cases of *Louisiana ex rel. Nelson v. Police Jury of the Parish of St. Martin* and *Houston & Texas Central R.R. Co. v. Texas*, "provid[e] the legal standard for civil statu[t]es, creating contracts between the government and private citizens." Mot. for Recons. at 2. In *Louisiana ex rel. Nelson*, however, the Court did not find that a "civil statute" had created a contract between the government and an individual; rather, the case involved warrants between an individual and a municipal corporation. *Louisiana ex rel. Nelson*, 111 U.S. at 721–22. In *Houston & Tex. Cent. R.R. Co.*, the State of Texas brought an action to recover amounts due on bonds that the defendant railroad company had issued to the state, which was complicated by the fact that various state laws had been passed to provide relief to indebted railroad companies. *Houston & Tex. Cent.*

---

[2] Today, the 1866 Civil Rights Act is primarily embodied in 42 U.S.C. §§ 1981, 1982, and 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 712 (1989) (referring to the Civil Rights Act of 1866 and the Civil Rights Act of 1871 as "the precursors of §§ 1981 and 1983 respectively"); *General Bldg. Contractors Ass'n Inc. v. Pennsylvania*, 458 U.S. 375, 383–84 (1982) ("The operative language of [42 U.S.C. §§ 1981 & 1982] originated in § 1 of the Civil Rights Act of 1866"); John H. Franklin, *The Civil Rights Act of 1866 Revisited*, 41 Hastings L.J. 1135, 1136 (1990) ("[T]he principal provisions of the Civil Rights Act of 1866 became section 1981 of the Revised United States Code").

*R.R. Co.*, 177 U.S. at 67–68. Nowhere in either of these cases does the Supreme Court discuss "civil statutes creating contracts" between individuals and the government. Additionally, plaintiff repeatedly cites to *Bell v. Hood*, 327 U.S. 678 (1946), claiming that the case requires a court to "ajust [sic] the remedy and grant the necessary relief when federal question [sic] are concerned." Mot. for Recons. at 1. While *Bell v. Hood* does discuss federal district courts adjusting remedies when federally protected rights are infringed, *see Bell*, 327 U.S. at 684, there is no remedy to adjust in this case because plaintiff has failed to demonstrate that the Court has jurisdiction. A contract claim within our jurisdiction does not exist merely because a plaintiff calls something --- in this instance, provisions of the 1866 Civil Rights Act --- a contract. Nothing in that statute even remotely suggests that a contract had been created with citizens, much less one for which money damages may be obtained in our court.

Finally, plaintiff has neglected to pay the filing fee required in this case. In dismissing the case originally, the Court noted that plaintiff had violated the so-called "three strikes" rule and thus denied plaintiff's application to proceed *in forma pauperis*. Mem. Op. and Order at 5. In his motion for reconsideration, plaintiff claims that, under *Bell v. Hood*, the Court must "allow plaintiff [two] weeks to pay filing fees," Mot. for Recons. at 2. The cited case, however, discusses neither filing fees nor two week extensions for payment of such fees. Regardless, even if such a rule existed, it has been well over two weeks since the Court denied plaintiff's *in forma pauperis* motion. As a consequence, the case could also be involuntarily dismissed for failure to prosecute, under RCFC 41(b), further confirming that denial of the motion for reconsideration is warranted.

Accordingly, for the reasons stated above, plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge